Good morning. Good morning. May it please the Court, my name is Linda Griffiths on behalf of Petitioner Ezzard Ellis. This is a serious case because the merits of the case deal with fundamental fairness at the time of a criminal trial, and there are interesting procedural issues that have to be addressed, which I believe should be resolved in Mr. Ellis's favor. Mr. Ellis is black. His lawyer was white. Mr. Ellis was sentenced to spend the rest of his life in prison without the possibility of parole. In 2003, Mr. Ellis discovered for the first time that his trial lawyer had a disdain for blacks. Upon hearing of this, he promptly investigated the allegations. He promptly raised his conflict of counsel claim in both state and federal courts, and he did this all without the aid of counsel. Neither the state nor the federal courts have permitted full development and presentation of the claim. Instead, the claim has been denied on procedural grounds. I believe that the opinion of the district court, which found that Mr. Ellis's federal petition was untimely because there was no statutory or equitable I believe the statute of limitations under the Act commenced in the spring of 2003, which is the first time that Mr. Ellis learned of the racial animus of his lawyer, that he proceeded with diligence in the state court and the federal court, and that with equitable tolling under the recent case of Harris v. Carter, which came out on February 8th, that it is appropriate to find that Mr. Harris's federal petition was, in fact, timely under the Act, and the merits of the case should be heard by the district court. What do we do with the fact that the federal magistrate judge, in entering the order, specifically required of Mr. Ellis whether he was asserting an equitable tolling defense and asked him to identify the facts that would support it, and he asked for supplemental briefing, which was granted, but didn't address what the court specifically asked him to do? Isn't that a classic waiver of an argument? I don't believe so, Your Honor. Why not? Mr. Ellis has always been proceeding pro se. He has not been represented by counsel until our office was appointed by this court to represent him on appellate proceedings. Under the law of this circuit, leniency is really appropriate when it comes to I guess there's one thing, but where the court specifically says in an order that I don't think you dispute he received, that he addressed this and state facts, that's different from overlooking the argument of equitable tolling that maybe a lawyer should have known about. He basically was specifically asked, are you asserting this claim? And he didn't, he responded. He filed a responsive pleading, but he didn't answer the question that the court specifically posed. He finally did respond to the district court's questions in the objections. In the objections. But I want to go back earlier. I mean, he was, the order was specifically directed to him and he was given extra time and another brief to answer it and he didn't answer it. This exact situation was litigated in Brown v. Rowe, which is 279 F. 3rd, 742. But the difference is that in Brown there was no specific direct order to the petitioner asking are you raising an equitable tolling claim and what are the facts which support it, was there? Well, but Mr. Brown, just like Mr. Ellis included his equitable tolling argument, he did include one. Which he had overlooked. But I guess what I'm asking is why isn't there a significant and distinguishing fact that makes Brown inapplicable? Because here he not only had the opportunity, he was specifically invited to address that issue. He was given extra time and he didn't. And there was no similar fact in Brown. However, I still think because Mr. Ellis was proceeding pro se, because we have no idea whether there was any research that he could have conducted during that period, we don't know if all of his research was being conducted by a jailhouse lawyer who at that point in time could no longer represent him. We don't know if he could go to the prison. There are too many questions here. I'm sorry, I didn't mean to interrupt. Are you asking for a remand to have an evidentiary hearing on those issues? I believe that's appropriate, Your Honor, yes. That was discussed in Brown v. Roe and I think in the Roy case as well. And the Court came to conclude that if there were any issues about diligence or about the equitable tolling allegations, it would be appropriate to remand it to the district court for further developments. And I think that perhaps if there is still issue about that, it should be remanded for discovery and determination on those grounds. One of the questions that the Court asked us to brief was whether in fact the statute of limitations commenced when Mr. Ellis received a copy of the Mayfield case. I believe that the statute of limitations indeed commenced sometime in the spring of 2003, because that was the very first time that Mr. Ellis was ever aware of the fact that his attorney was without a doubt racially prejudiced. As in our papers, we allege that the statute actually commenced on July 1, 2003, which is the date Mr. Ellis obtained copies of the declarations and also a cover letter from public state defender A. Ube who agreed that the racially disparaging comments that Mr. Ames, the trial lawyer, directed towards co-counsel was in fact African-American Grover Porter who was representing the co-defendant during the time of Mr. Ellis' case. But even if this Court were to conclude that the statute of limitations started any earlier, maybe even up to March or early April of 2003 when Mr. Ellis first received the article, the statute, to the extent that equitable tolling is appropriate in this case, the one-year limitation under the Act was not, had not expired. If the statute of limitations started on July 1st, under my computations, Mr. Ellis had only used up approximately 143 days of the statute of limitations. If the statute of limitations commenced any earlier under my calculations, perhaps he used up only 225 of those days, but it had not expired. I think an important distinction here, too, and the reason why we find a dismissal both by the State and the Federal court is both the State court, particularly the State court, analyzed the claim exclusively on the basis of an ineffective assistance of counsel claim. And that's not what this is. There are different standards. Kennedy. What do we do with the superior court judge's statement that his claim was rejected because it was grossly untimely? I believe that the trial court came to that conclusion because he found he analyzed the claim only as one based on ineffective assistance of counsel, the acts of which were known at the time of the 1991 trial. And you don't dispute that. What you have now that you didn't have before is the motivation. That is correct, Your Honor. Well, not just the motivation. It's the conflict itself, of course, because that's the first prong of a conflict claim. Well, we haven't gotten to the question of whether or not if Ames hated the other lawyer, that that constitutes a conflict vis-à-vis his client, where there's no direct evidence of him saying anything about his client. But I still want to go back. I'm troubled by the Supreme Court jurisprudence that says if the State court decides that the claim is untimely and dismisses it for that reason, we have no jurisdiction to review that claim on federal habeas. That's the Pace decision, Your Honor. And as we've argued in the opening brief, I believe that yet with the Pace law, still that does not preclude a reversal on jurisdictional procedural grounds in this case, particularly with the Harris case. We can go right to equitable tolling. Clearly, the statutory tolling is — So now we're back to my problem with the equitable tolling. Yes. Clearly, the statutory tolling issue is a complicated one. But I think that the claim and the argument that's been made in our opposition are in our opening brief defiable. I'd like to reserve the last five seconds. All right. You don't have much left. Thank you. We'll give you 30. Thank you. Matt Mulford on behalf of the Warden. May it please the Court. I think I need to start with Harris v. Carter and Gonzalez. I can't see how those two cases can be reconciled. So if the Supreme Court says that the change in the statute of limitations is not extraordinary circumstances, I don't believe California can lose this case. Be that as it may, we can distinguish Harris v. Carter as well. The petitioner in Harris seems to have relied somehow, although it's not entirely clear what he did, on the fact that this Court's law in Dictato II, the 2001 Dictato v. Descharnes case, was the law of the circuit and seemed to have based his litigation strategy in state court upon Dictato II. We see nothing that Mr. Ellis did of a similar nature in state court here. And, in fact, as Judge Talmadge just noted, there's a waiver of the equitable tolling issue in this case because when placed on notice of the equitable tolling, the potential for an equitable tolling issue by the magistrate judge in a specific order, Mr. Ellis did nothing. In his defense, after the fact, he said, oh, Judge, I didn't realize that you were serious about equitable tolling. We can't tolerate that in any kind of coherent system of law. If the judge tells you to do something, you know, I think we have to expect that you'll do it. And if you don't, it'll be too late, notwithstanding Brown. As for the fact that Mr. Ellis is a prosaic, well, again, I'm not entirely sure what that means, but it can't be an offense. His ignorance of anything, it cannot relieve him from the burdens that he has undertaken by filing a federal petition. And so it's just not persuasive. We agree that this case is very serious, but it's very serious because Mr. Ellis had gunned down two people in 1989. It's got nothing to do with fairness or what's happened after the fact in a litigation suit that he has brought himself. Regarding the beginning of the statute of limitations, we don't think Ferris applies. If Ferris does apply, there's no reliance. There's a third fact. If he can somehow rely on this court's opinion in Mayfield in 2001, that should have put him on notice under statutory tolling purposes. Under 2244D-1, I don't remember the provision, but the factual trigger provision, a reasonable person who was following this court's jurisprudence in 2001 would have known that Mayfield came down and there was an issue regarding Mr. Ames, and that should have given him, if that is a new trigger position. He's got one year from then. That's from November 2001 is when Mayfield came down. By 2003, he is already too late as a statutory tolling issue. Let's see. I would like to say one thing about certificates of appealability. There is a brief, an uncertified question has been briefed by opposing counsel. This court really can't get to that because the issue is a state law issue, not a constitutional question, and so we can't talk about whether the state court properly applied its law. There's a second subsidiary certificate of appealability issue. Even if this court is inclined to reverse this case and send it back, which again, there's no reason to do, we have to broaden the certificate to give the district court something to do upon remand. Right now, there are no constitutional issues in front of this court under 2253. So before sending it back, the case will be moot as is, and so we'll have to broaden the certificate. We don't think you can broaden the certificate as to ground one because it doesn't really state a constitutional question. It's some sort of hybrid issue right now between a strict, ineffective assistance of claim and some sort of conflict claim. We don't think either one of them is squarely presented, and neither one of them warrants any further litigation. So unless the court has questions, I'll defer to the gentleman. Thank you. Thank you. The factual basis in the Harris v. Carter case is the exact basis that we have here in Harris. In Harris, the Petitioner was entitled to equitable tolling when he relied on Ducato v. Ducharme. Mr. Ellis also reasonably believed that he was entitled to statutory tolling while his state court petitions were pending. He states in his objections to the magistrate's report and recommendation at the excerpts of records 52 and 53, quote, during the entire time Petitioner proceeded through the state courts seeking to exhaust Ninth Circuit case law, instructed him that he was following the correct procedure. He thought he was doing the correct thing. With respect to the Mayfield decision and when Mr. Ellis should have with diligence found that decision, Mayfield was issued in November 7th of 2001. He, Mr. Ellis, found out about the Mayfield decision in late March or early April of 2003, only a year and a half later. We do not know what was going on in that year and a half time. All right. Counsel, I think this is thoroughly briefed and you have used your time. Thank you, Your Honor. Thank you. May I just ask you a question? Is your client named for the boxer? I believe he is, yes. Thank you. The case has started. It is submitted. We'll hear the next case, which is Cotton v. County, Santa Barbara.
judges: Schroeder, Wardlaw, Tallman